## GARVEY & GARVEY

ATTORNEYS AND COUNSELORS AT LAW
416 PEARL STREET
BUFFALO, NEW YORK 14202 - 1993
(716) 854 - 4800

STATE OF NEW YORK
SUPREME COURT    :    COUNTY OF ERIE

---

FAYE JOHANSON, Individually and as
Administratrix of the Estate of Adam Murr.
203 Ward Road
North Tonawanda, New York 14120

                                    Plaintiff

vs.

**SUMMONS**

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202

FILED
02/15/2011 14:04:27
ERIE COUNTY CLERK
RCPT # 11022408
I 2011000732

ERIE COUNTY SHERIFF'S DEPARTMENT
10 Delaware Avenue
Buffalo, New York 14202

                                 Defendant

---

**TO THE ABOVE NAMED DEFENDANT:**

     YOU ARE HEREBY SUMMONED, to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with a summons, to serve a notice of appearance, on the plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

     ERIE COUNTY is designated as the place of trial on the basis of the defendant's residence who resides in the County of Erie and State of New York.

Dated:       Buffalo, New York
              February 15, 2011

                                        GARVEY & GARVEY
                                        *Attorneys for Plaintiff*
                                        416 Pearl Street
                                        Buffalo, NY 14202
                                        (716) 854-4800

2011 FEB 16 PH 12: 22

STATE OF NEW YORK
SUPREME COURT    :    COUNTY OF ERIE

---

FAYE JOHANSON, Individually and as
Administratrix of the Estate of Adam Murr.
203 Ward Road
North Tonawanda, New York 14120

                                    Plaintiff

    vs.

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York,    and

ERIE COUNTY SHERIFF'S DEPARTMENT
10 Delaware Avenue
Buffalo, New York 14202

                            Defendants

**COMPLAINT**
Plaintiff designates Erie
County as the place of
trial
The basis of venue are
defendants' place of
business

FILED
ACTIONS & PROCEEDINGS

FEB 15 2011

ERIE COUNTY
CLERK'S OFFICE

---

The plaintiff, **FAYE JOHANSON, Individually and as Adminstratix of the Estate of**

**Adam Murr** above named, by her attorneys, **GARVEY & GARVEY**, allege as follows for her

complaint against the defendant, **COUNTY OF ERIE** and **ERIE COUNTY SHERIFF'S**

**DEPARMENT**:

### AS AND FOR A  FIRST CAUSE OF ACTION

1)      That Faye Johanson is the natural mother of the late Adam Murr

2)      That Adam Murr died on or about December 19, 2009.

3)      That on or about July 27, 2010, Faye Johanson granted letters of administration by

the Niagara County Surrogates Court.

4)      Upon information and belief, defendant, the COUNTY OF ERIE, is a municipal

corporation duly organized and existing under and pursuant to the laws of the State of New York.

5)      Upon information and belief, the ERIE COUNTY SHERIFF'S DEPARTMENT, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York

6)      Upon information and belief, at all times hereinafter mentioned, the defendants, the COUNTY OF ERIE and the ERIE COUNTY SHERIFF'S DEPARTMENT are owners of certain premises commonly known as the Erie County Holding Center at 40 Delaware Ave., Buffalo, NY, County of Erie.

7)      Upon information and belief, at all times relevant hereto, the COUNTY OF ERIE and the ERIE COUNTY SHERIFF'S DEPARTMENT, operated, maintained, managed, controlled, and staffed the Erie County Holding Center and are responsible for the care and custody of inmates held at the Erie County Holding Center.

8)      That on or about December 14, 2009, the decedent, Adam Murr allegedly robbed an HSBC bank in the city of Tonawanda. That on or about December 15, 2009 the defendants did take Adam Murr into custody and place him in the ERIE COUNTY HOLDING CENTER on allegations that he committed bank robbery.

9)      That the decedent Adam Murr was arrested because the plaintiff, Faye Johanson did surrender her son, the decedent Adam Murr after seeing his photograph on the television news.

10)     That prior to the arrest of the late Adam Murr, the plaintiff, Faye Johanson did warn that Adam Murr had prior suicidal tendencies, was a drug addict that was going through forced drug withdrawal in jail and was of a mind to inflict harm upon himself.

11)     That having taken the said Adam Murr into its custody, the defendants did

undertake an affirmative duty to maintain his safety and well being.

12)    That the defendants did have a responsibility to maintain a vigilant guard over the late Adam Murr.

13)    That the defendants have undertaken an affirmative obligation to competently train their staff to properly and accurately assess, investigate and screen inmates to determine the level of supervision and intervention necessary to prevent jailhouse suicide.

14)    That the defendants willfully, knowingly and negligently failed to assess, investigate and screen the decedent Adam Murr to prevent suicide and thereafter failed to maintain a vigilant supervision and intervention of the late Adam Murr.

15)    That as a result of the defendants' negligence and recklessness, the said Adam Murr did attempt to commit suicide.

16)    That as a result of the negligent supervision and late intervention by the defendants, the suicide attempt by Adam Murr was ultimately successful.

17)    That on or about February 26, 2010 defendant COUNTY OF ERIE and defendant ERIE COUNTY SHERIFF'S DEPARTMENT were served with a Notice of Claim detailing both defendants' culpability and plaintiff's damages. The defendants have failed and refused to make payment to plaintiff in accordance with said Notice of Claim.

18)    At least thirty (30) days have elapsed since the service of the Notice of Claim upon the defendants and adjustment or payment thereof has been neglected or refused by the defendants.

19)    That as a result of the defendants' negligence and recklessness, and the negligence and recklessness of the defendants' employees, agents, assigns and individuals acting on their

behalf, the decedent Adam Murr did suffer severe physical pain and mental anguish and suffering.

## AS AND FOR THE PLAINTIFF'S SECOND CAUSE OF ACTION

20)      Plaintiff restates and realleges paragraphs 1 through 19 as if hereinafter fully set forth.

21)      That the acts and omissions of the defendants herein before set forth, and while vested with powers and duties of police officers, government officers, holding center guards and other personnel, and acting in their official capacity as such and under color of law, manifested an indifference to the decedent's constitutional rights in violation of the 14th amendment of the United States Constitution and of Title 42 of the United States Code §1983, *et seq* in failing to adequately assess, monitor and protect the late Adam Murr's and did violate his civil rights. That the defendants are liable to the plaintiffs and the Estate of Adam Murr in a sum to be determined by a trier of fact.

22)      Upon information and belief, as a result of the foregoing, the plaintiff claims damages in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

23)      Plaintiff repeats and realleges paragraphs 1 through 22 as if herein fully set forth.

24)      The decedent's next of kin were dependent upon decedent for support, maintenance, nurture, comfort, advice, aid and society which they are now deprived as a result of the aforesaid incident.

25)      As a result of the aforesaid incident, expenses have been incurred and monetary

loss sustained.

26)   By reason of decedent's death caused by the negligence of the defendants THE COUNTY OF ERIE and THE ERIE COUNTY SHERIFF'S DEPARTMENT as aforesaid, his distributees have been damaged, and the amount of damages sought herein by the plaintiff on behalf of the said distribute these shall exceed the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against defendant in an amount which exceeds monetary jurisdictional limits of all lower courts in New York State, for both compensatory and punitive damages in an amount which exceeds the monetary jurisdictional limits of all lower courts in New York State and plaintiff demands such other, further and different relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated:       Buffalo, New York

        February 15, 2011

                              MATTHEW J. GARVEY, ESQ.
                              GARVEY & GARVEY
                              *Attorneys for Plaintiff*
                              416 Pearl Street
                              Buffalo, New York 14202
                              (716) 854-4800

STATE OF NEW YORK
SUPREME COURT    :    COUNTY OF NIAGARA

---

FAYE JOHANSON, Individually and as
Administratrix of the Estate of Adam Murr.
203 Ward Road
North Tonawanda, New York 14120

                           Plaintiff

      vs.

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202

ERIE COUNTY SHERIFF'S DEPARTMENT
10 Delaware Avenue
Buffalo, New York 14202

                          Defendant

**NOTICE DECLINING SERVICE
BY MEANS OF ELECTRONIC
OR FAX TRANSMITTALS**

---

**SIRS:**

      **PLEASE TAKE NOTICE**, that pursuant to CPLR 2103(5) the office of **GARVEY &**

**GARVEY** will not accept service of papers, notices motions, etc., by facsimile (fax) transmittal or

by any other electronic means.

Dated:      Buffalo, New York
              February 15, 2011

                                    MATTHEW J. GARVEY
                                    GARVEY & GARVEY
                                    *Attorneys for Plaintiff*
                                    416 Pearl Street
                                    Buffalo, New York 14202
                                    (716) 854-4800