UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAYE JOHANSON, Individually and as Administratrix of the Estate of Adam Murr,

Plaintiff,

**Hon. Hugh B. Scott**

v.

11CV228A

**Order**

COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Before the Court is plaintiff's motion to compel discovery and to amend the Scheduling Order[1] (Docket No. 13[2]). Responses to this motion were due by October 21, 2011, and any reply was due by November 4, 2011, and the motion was deemed submitted (without oral argument) on November 4, 2011 (Docket No. 15).

**BACKGROUND**

This is a removed civil rights action arising from the alleged wrongful death of Adam Murr, plaintiff's son, while in defendant Erie County's custody at the Erie County Holding Center (see Docket No. 1, Notice of Removal, Ex. A, State Compl.). Defendants duly answered (Docket No. 3).

[1]Docket No. 8.

[2]In support of her motion, plaintiff submits her attorney's affidavit (with exhibits, the discovery requests), Docket No. 13; the Reply Affidavit of her counsel, Docket No. 18 (with exhibits); and Reply Memorandum of Law, Docket No. 20.

In opposition, defendants submit their attorney's declaration (with exhibits, defense responses), Docket No. 16.

Plaintiff seeks (Docket No. 13) responses to her discovery demands and answers to her Interrogatories and an extension of the Scheduling Order (see Docket No. 14). She complains that defense responses were not complete (Docket No. 13, Pl. Atty. Aff. ¶¶ 6-8; Docket No. 20, Pl. Reply Memo. at 2). According to her reply, her Interrogatories sought "standard foundation information, such as the name of the individual or individuals who participated in preparing the answers," the identity of all who may have knowledge about the circumstances of Murr's incarceration, his screening for suicide risk, and his suicide, and training of Sheriff's personnel (Docket No. 20, Pl. Reply Memo. at 3-4). Defendants responded that the information sought was protected by attorney-client privilege, work product privilege or that the question was vague, ambiguous, over broad (see id. at 5, 7; Docket No. 16, Defs. Atty. Decl. Ex. A). Defendants objected to answering Interrogatories by attaching documents, as asked in the Interrogatories (Docket No. 16, Defs. Atty. Decl. Ex. A), and plaintiff argues that her request to include document production in answer to her Interrogatories is sanctioned by Rule 33(d) (Docket No. 20, Pl. Reply Memo. at 8).

Interrogatory No. 7 asked to disclose written communication between the defendants and the United States Department of Justice[3] (see Docket No. 13, Ex. A), but defendants object that the information is not reasonably calculated to lead to discoverable information (Docket No. 20, Pl. Reply Memo. at 8).

This Court granted plaintiff an extension of the Scheduling Order, with plaintiff's expert disclosure now due by October 14, 2011, defense expert disclosure by November 30, 2011,

---

[3]This Court recently dismissed an action between the United States and Erie County regarding jail conditions at the Erie County Holding Center, United States v. Erie County, et al., No. 09cv849, Docket No. 227, Order of Aug. 26, 2011.

discovery to be completed by January 27, 2012, and referral to mediation to conclude by February 7, 2012 (Docket No. 14). In her motion, plaintiff noted that she could not generate an expert report without the discovery sought in this motion (Docket No. 13, Pl. Atty. Aff. ¶ 9).

Defendants respond that they replied to plaintiff's discovery in their response (Docket No. 16, Defs. Atty. Decl. ¶ 3, Ex. A; cf. Docket No. 18, Pl. Atty. Reply Aff. ¶ 5). Defendants thus request dismissal of this motion (Docket No. 16, Defs. Atty. Decl. ¶ 6).

In reply, plaintiff opposes dismissal of her motion because the served Answers to Interrogatories are "incomplete and evasive" (Docket No. 20, Pl. Reply Memo. at 2; see also id. at 5-8). Plaintiff, however, withdraws her motion (without prejudice) regarding her document production requests, being satisfied with defense production on October 21 and November 3, 2011 (id. at 2-3).

## DISCUSSION

### I. Standards

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(5)(A).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection," where a party fails to respond to a request to inspect documents, id., R. 37(a)(3)(B)(iv).

If a motion to compel is granted, or if the opponent produces discovery after the motion is filed, the Court "must, after giving an opportunity to be heard, require the party . . . whose

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," but the Court must not order payment if movant files before attempting in good faith to resolve the matter, the opponent's nondisclosure, response, or objection was substantially justified, or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A).

II. Application

A. Document Production

Given plaintiff's preliminary indication of satisfaction with defendants' post-motion document production and her withdrawal (without prejudice) of that portion of her motion, it is so deemed **withdrawn without prejudice to renewal**.

B. Answers to Interrogatories

What remains is plaintiff's objections to the incomplete and inadequate answers she received to her Interrogatories. Defendants' answers either object in boilerplate language or argue attorney-client or work product privileges.

Defendant answered Interrogatory No. 1 asserting the attorney-client and work product privileges. That Interrogatory asks who participated in or provided information used to answer the Interrogatories (Docket No. 13, Ex. A; see Docket No. 20, Pl. Reply Memo. at 5). The Answers to Interrogatories by a municipal party is by "any officer or agent, who must furnish the information available to the party," Fed. R. Civ. P. 33(b)(1)(B), and the person making the Answers must sign them, id. R. 33(b)(5). Here, an Assistant County Attorney signed the Answers to Interrogatories and objected to disclosing who answered or supplied information to answer (see Docket No. 16, Ex. A). Defendants do not argue the merits of the asserted privileges

nor do they seek leave to argue or sur-reply plaintiff's reply objecting to the answer asserting these privileges. Thus, plaintiff's motion to compel answer to her Interrogatory No. 1 is **granted**.

As for the remaining Answers, defendants raise boilerplate objections to vagueness, ambiguity, over breadth, and burdensomeness. Defendants present brief answers following these objections but do not argue the merits of these objections either in the Answers or in response to this motion to compel.

For example, Interrogatory No. 2 asks defendants to "state the name, addresses, and business telephone number of each person with personal knowledge regarding the facts and circumstances surrounding the happenings of the occurrences referred to in the complaint" (see, e.g., Docket No. 16, Ex. A). In addition to the standard objections mentioned above, defendants added that they objected to the word "happenings" in the Interrogatory as being vague, ambiguous, and subject to broad interpretation (id.). The "happenings" are defined by the allegations within the Complaint. The question merely seeks to learn the names and directory information of persons with knowledge of the facts alleged in the Complaint, some information that should be provided as part of the initial disclosure, see Fed. R. Civ. P. 26(a)(1)(A)(i).

Therefore, plaintiff's motion to compel answers to her Interrogatories is **granted**.

III. Reasonable Motion Expenses

Since plaintiff prevails on her motion to compel (minimally because defendants responded in the face of the motion), pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) plaintiff shall submit an application to recover her reasonable motion expenses **within five (5) days of entry of this Order**. Defendants then may respond to this application **within fifteen**

**(15) days of entry of this Order** and the application then will be deemed submitted (without oral argument).

IV. Amending the Scheduling Order

Despite this Court's earlier grant of that portion of plaintiff's motion (Docket No. 13) seeking to extend the Scheduling Order (Docket No. 14), some of the deadlines reset in the Order have been passed during the pendency of the motion to compel. As a result, a new schedule needs to be entered.

Therefore, plaintiff's expert disclosure is now due by **February 14, 2012**; defense expert disclosure is due by **February 27, 2012**; all discovery shall conclude by **March 28, 2012**, with motions to compel due thirty (30) days prior to that date. Referral to mediation now shall end by **June 1, 2012**. Dispositive motions are due by **June 26, 2012**. Judge Arcara shall set dates for a Final Pretrial Conference and Trial, if necessary.

**CONCLUSION**

For the reasons stated above, plaintiff's motion to compel (Docket No. 13) answers to her Interrogatories is **granted**. So much of plaintiff's motion to compel seeking document production (Docket No. 13, Ex. A) is **deemed withdrawn without prejudice** (see Docket No. 20, Pl. Memo. at 2-3). Plaintiff shall submit her reasonable motion expenses within **five (5) days** of entry of this Order; defendants may respond to this application within **fifteen (15) days** of entry of this Order and the application then will be deemed submitted (without oral argument).

As a result of the disposition of this motion, the remaining schedule for this action is amended as follows:

- plaintiff's expert disclosure is now due by **February 14, 2012**;

- defense expert disclosure is due by **February 27, 2012**;
- all discovery shall conclude by **March 28, 2012**, with motions to compel due thirty (30) days prior to that date;
- referral to mediation now shall end by **June 1, 2012**;
- dispositive motions are due by **June 26, 2012**; and
- Judge Arcara shall set dates for a Final Pretrial Conference and Trial, if necessary.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 30, 2011