UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAYE JOHANSON, Individually and as Administratirx
of the Estate of Adam Murr,

                      Plaintiff,

                                                                      **Hon. Hugh B. Scott**

                      v.                                            11CV228A

                                                                       **Order**

COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,

                      Defendants.

      Before the Court is plaintiff's motion to compel (Docket No. 13), which was granted in relevant part (Docket No. 21, Order of Dec. 30, 2011).  That Order gave plaintiff time to submit her reasonable motion expenses to recover as a discovery sanction (id. at 5-6), which plaintiff so filed (Docket No. 22).  Defendants' response to this application was due fifteen days from entry of the Order compelling discovery (Docket No. 21, Order of Dec. 30, 2011, at 5-6), or by Saturday, January 14, 2012 (as extended to Tuesday, January 17, 2012, see Fed. R. Civ. P. 6(a)(1)(C) (if period ends on a Saturday, Sunday, or legal holiday, period continues to run to next day that is not a Saturday, Sunday, or legal holiday)).  No response was filed by the defendants.

                                                           BACKGROUND

      This is a removed civil rights action arising from the alleged wrongful death of Adam Murr, plaintiff's son, while he was in Erie County custody at the Erie County Holding Center (see Docket No. 1, Notice of Removal, Ex. A, State Compl.).  Plaintiff moved to compel responses to her discovery demands and answers to Interrogatories to go beyond the assertions of

privileges made by defendants in their discovery responses (see generally Docket No. 13, Pl. Motion to Compel). Defendants responded to this motion by answering plaintiff's discovery demands (see Docket No. 16, Defs. Atty. Decl. ¶ 3, Ex. A). Meanwhile, additional counsel, Dean Drew, appeared for plaintiff (Docket No. 17). But, in reply, plaintiff objected that the Answers to Interrogatories served in response to this motion were incomplete and evasive (Docket No. 20, Pl. Reply Memo. at 2, 5-8). Both attorneys worked on the reply papers (see id.).

This Court granted plaintiff's motion to compel more complete Answers to her Interrogatories (Docket No. 21, Order at 4-5) and noted that plaintiff had withdrawn (without prejudice) her motion to compel document production (id. at 4).

*Application for Reasonable Motion Expenses*

Plaintiff now seeks to recover as her reasonable motion expenses her attorneys' fees totaling $3,200.00, for 13.9 hours of work by both attorneys at hourly rates of $225 per hour for one attorney (Matthew Garvey) and $250 per hour for the other (Dean Drew) (Docket No. 22, Pl. Atty. Aff., Ex. (Schedule A)). Included within that time is 6 hours expended by the newer attorney in the case, Dean Drew, in drafting the reply papers, conducting legal research, and communicating with Matthew Garvey, the original counsel for plaintiff. Plaintiff does not seek to recover other motion expenses aside from her attorneys' fees.

Defendants did not respond to this application.

DISCUSSION

I. Reasonable Attorney's Fee Standard

Imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record. See Cine Forty-Second Street Theatre Corp. v. Allied

Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). Where, as here, only partial relief was granted "the court may issue any protective order authorized by Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion," Fed. R. Civ. P. 37(a)(5)(C). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In

calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111.  The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates.  7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.	Application of Lodestar Calculation

Here, plaintiff seeks to recover $3,200 for a relatively straight forward motion to compel answers to Interrogatories, one portion of her original motion to compel discovery generally.  Absent objection from defendants, this Court accepts the rates quoted of $225 and $250 per hour as being reasonable.

The issue then is whether the time quoted by counsel is reasonable for a simple motion to compel, with a 9-page reply memorandum (Docket No. 20), a covering reply affidavit (Docket No. 18), and plaintiff's notice of motion, attorney's brief affidavit and exhibits (the discovery requests and responses received) (Docket No. 13).  Part of Garvey's time in drafting the original motion to compel should be discounted so as to not credit time in formulating the motions for relief other than compelling Answers to her Interrogatories.  Plaintiff includes a total of 2.4 hours of Garvey's time in his conversation with defense counsel regarding the other discovery relief that was withdrawn; that portion (of $540.00) is **not** a reasonable motion expense for obtaining the Interrogatory Answers.  Another area of excessive time is counsel's time in researching and writing the reply papers.  While a total of 6.8 hours may have been expended in creating the reply papers, it is not reasonable for plaintiff to recover this from defendants.  The reasonable amount is 3.8 hours, .8 hour of Garvey's time and 3.0 hours of Drew's time.

As a result, Garvey's time of 3.6 hours at his rate of $225 per hour has as a reasonable fee of $810.00; Drew's time of 5.3 hours at his rate of $250 per hour has as a reasonable fee of $1,325.00.  The total reasonable fee recoverable as a discovery sanction here is $2,135.00.

Under Rule 37(a)(5)(A), imposition of this sanction may be upon a party or its attorney or both.  Here, the parties is a municipal corporation and one of its departments and their counsel are its employees.  Thus, the distinction between party and attorney is not pertinent here.

## CONCLUSION

For the reasons stated above, plaintiff's application to recover her reasonable motion expenses for her motion to compel (Docket No. 22; see Docket No. 13) is **granted in part**; this Court finds that the reasonable motion expense here is **$2,135.00**.  Plaintiff is awarded from defendants **$2,135.00** for her reasonable costs and expenses in making her motion to compel.

So Ordered.

                    */s/ Hugh B. Scott*
                  Honorable Hugh B. Scott
                  United States Magistrate Judge

Dated: Buffalo, New York
    January 20, 2012